IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| B.D.A.A., | Civ. No. 6:25-cv-02062-AA |
| Petitioner, | **ORDER** |
| v. | |
| DREW BOSTOCK, Seattle Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operation; KRISTI NOEM, Secretary of Homeland Security; PAMELA BONDI, Attorney General; TODD LYONS, Acting Director of Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCMENT; and U.S. DEPARTMENT OF JUSTICE, | |
| Respondents. | |

AIKEN, District Judge:

This habeas case comes before the Court on a Petition for Writ of Habeas Corpus, ECF No 1. As a preliminary matter, the Court GRANTS Petitioners' request to proceed under a pseudonym.

On November 5, 2025, Petitioner was driving a motor vehicle on a public highway in Albany, Oregon. She alleges that she was stopped "without lawful cause" by officers of Respondents and arrested. Pet. ¶ 9. Petitioner alleges that the officers

"lacked probable cause to believe that the petitioner had violated any traffic law[] and were not sufficiently aware of her identity to have a reasonable belief that she was present in the United States without lawful status." *Id.*

Petitioner asks the Court to, among other things, (a) assume jurisdiction over this matter; (b) order Respondents to appear before this Court and show cause why the Petition should not be granted within three days; (c) bar Respondents from removing Petitioner from the District of Oregon absent further order of this Court; (d) issue a Writ of Habeas Corpus ordering Petitioner's release from custody; (e) award Petitioner attorney's fees and costs; and (f) grant any other relief that the Court deems just and proper.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of Court is directed to serve a copy of the Petition, ECF No. 1, upon Respondents and the U.S Attorney for the District of Oregon, Scott Bradford (Scott.Bradford@usdoj.gov).

2. Respondents shall, no later than Monday, November 10, 2025, at noon Pacific Standard Time, answer or respond to the Petition.

3. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained by the United States."). Moreover, "'a

federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2022)). To give this Court the opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order respondents to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 294-95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period

continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **within two hours of being served with this Order.** Such notice must be filed in writing and on the docket in this proceeding. In addition, Respondents are further ordered to state in any such notice the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

It is so ORDERED and DATED this   5th   day of November 2025.

                             /s/Ann Aiken
                             ANN AIKEN
                             United States District Judge